## WILLIAM ROE *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 6—364.]

**Impeaching Testimony.**

> When it is sought to impeach a witness by showing that he has made statements out of court which contradict his sworn testimony, a foundation therefor must be laid by first asking such witness whether he made such statements and giving him an opportunity to affirm or deny before proving the statements by other witnesses.

APPEAL FROM MADISON CIRCUIT COURT.

November 22, 1884.

OPINION BY JUDGE PRYOR:

We perceive no objections to the instructions either as to murder or manslaughter and as the defendant's defense rested solely on the ground that the shooting was done to prevent the perpetration

of not only a wrong but a crime, if committed, of the gravest character, the court very properly said to the jury that if the defendant had been called on to prevent the commission of the offense and to protect those who were nearly related to him from the assaults of the deceased and he believed or had reasonable grounds to believe that the deceased at the time was about to commit a rape on the person of Mattie Roe, he had the right to use such means as was necessary to prevent the felony, or the infliction of great bodily harm on the little girl and if he acted in good faith for that purpose and not with a malicious intent they must acquit. This was as favorable to the appellant as the facts authorized and presented his defense clearly to the jury. The objection to the testimony introduced by the Commonwealth by way of rebuttal should have been sustained. The witness for the defense had testified as to facts that conduced to sustain the plea of self defense on the part of the accused as well as his right by reason of appearances existing at the time to take the life of the deceased in order to protect the little girl from great bodily injury, at the hands of the deceased. Without interrogating those witnesses for the defense as to any previous statements made by them at the inquest or elsewhere as to the occurrence at the time of the killing, the commonwealth by way of impeaching their testimony was permitted to prove all that was said by these witnesses at the inquest and elsewhere without having first laid the foundation for the attack upon these statements or giving them any opportunity for an explanation. The record may be defective in this regard but we can only consider what is before us and it is evident that this ruling was erroneous and prejudicial to the accused.

The judgment must therefore be *reversed* and cause remanded for proceedings consistent with this opinion.

*Chenault & Parish, for appellant.*

*P. W. Hardin, for appellee.*